

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. W. H. Turner, County Attorney
Decatur, Texas

Dear Sir:

Opinion No. O-3761
Re: Constitutionality of
S. B. No. 505, 47th
Legislature.

In your letter of July 14, 1941 you request
our opinion as to whether or not Senate Bill No. 505,
Forty-seventh Legislature, is a constitutional and
valid law. This Act is a grant to Wise County of one-
half the state ad valorem taxes collected in that
county for general revenue purposes over a period of
ten years beginning September 1, 1941, and it is pro-
vided that the monies so delivered to Wise County shall
be deposited in the Road and Bridge Warrant Fund of
said County. The Commissioners Court is further au-
thorized to issue road and bridge warrants, to be paid
out of the proceeds of said grant, and it is further
provided that such warrants are to constitute a trust
fund to be used "exclusively in acquiring land, laying
out, constructing, reconstructing the public road, high-
ways and bridges of said county." Section 5 of said
Senate Bill No. 505, reads as follows:

"Sec. 5. The Legislature finds and de-
clares that the floods that have occurred in
Wise County, Texas, in the weeks immediately
preceding the consideration hereof, have
caused such widespread damage and devastation
to the public roads, highways and bridges of,
as well as to the means of livelihood of many
families causing widespread suffering and dis-
tress among the inhabitants of such county
constitutes, and in effect is, a public calam-
ity of such nature and extent as to authorize
and require the grant of aid by the State of
Texas to said county in its efforts to repair
the damage done and to prevent and to minimize
the consequences of a recurrence thereof._____"

Hon. W.H. Turner, County Attorney, Page 2

In view of the holding of the Supreme Court in the case of HARRIS COUNTY FLOOD CONTROL DISTRICT v. MANN, 140 S.W. (2d) 1098, it is our opinion that the findings embodied in Section 5 are conclusive. Up to the present time no grant of aid to a county or counties has been sustained by the courts. This grant will operate to transfer sums of money out of the state ad valorem tax fund into the county road and bridge fund, something which ordinarily would be prohibited by Article 8, Section 9, of the State Constitution. CARROLL v. WILLIAMS, 202 S.W. 504. However, in ARANSAS PASS v. KEELING, 247 S.W. 818, the Supreme Court held that a seawall grant under Article 11, Section 8, of the Constitution, was not subject to Article 8, Section 6, of the State Constitution, and it was also held by the Supreme Court in BRAZOS RIVER, etc. DISTRICT v. McCRAW, 91 S.W. (2d) 665, that a grant made under the calamity clause of Article 3, Section 51, of the Constitution, was not subject to such appropriation provision. We also think that the courts would hold that a grant under authority of the calamity clause of Article 3, Section 51, of the Constitution, would not be subject to the restrictions against the transfer of monies from the state ad valorem tax fund to a county fund, which otherwise might be implied from Article 8, Section 9.

It is our opinion that the Act in question is constitutional and valid.

APPROVED JUL 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:ob

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant.


APPROVED
OPINION
COMMITTEE
BY